
FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 2 0 2017
JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DANNY BINGAMAN, Individually and on Behalf of all Others Similarly Situated**     **PLAINTIFF**

vs.     No. 4:17-cv-402 BRW

This case assigned to District Judge Wilson
and to Magistrate Judge Harris

**THERAPY ZONE INCORPORATED,
GEORGIA JOHNSTON
and BILLY JOHNSTON**     **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Danny Bingaman, individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Therapy Zone Incorporated, Georgia Johnston and Billy Johnston (hereinafter, collectively "Defendants"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Danny Bingaman individually and on behalf of other Physical and Occupational Therapy Assistants employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of

Defendants' failure to pay Plaintiff and other Physical and Occupational Therapy Assistants lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this district and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff Danny Bingaman is a citizen and resident of Faulkner County.

13. Plaintiff worked for Defendants as a Physical Therapy Assistant within the three (3) years preceding the filing of this Complaint.

14. Plaintiff was paid an hourly rate.

15. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

16. Defendant Therapy Zone Incorporated (hereinafter "Therapy Zone") is an Arkansas corporation that has as its registered agent for service of process Billy Johnston located at 144 Manitou Drive, Maumelle, Arkansas 72113.

17. Billy Johnston is an owner and the president of Defendant Therapy Zone, and he has had, at all relevant times, operational control of the Defendant Therapy Zone.

18. Mr. Johnston is an individual citizen of the State of Arkansas and a resident of Pulaski County.

19. Upon information and belief, Mr. Johnston controls or has the right to control the day-to-day operations of Defendant Therapy Zone such that he is liable to Plaintiff as employer under the FLSA.

20. Mr. Johnston is President and Incorporator of Therapy Zone.

21. Mr. Johnston was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. Therapy Zone operates a therapy and wellness company that is known as Arkansas Physical Therapy & Wellness, which is headquartered at Little Rock, Arkansas.

23. Therapy Zone is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

24. Therapy Zone operates approximately 8-10 therapy centers throughout the states of Arkansas and Missouri that offer physical therapy, occupational therapy and speech therapy.

25. Within the past three (3) years preceding the filing of this Complaint, Therapy Zone continuously employed at least four employees, including Plaintiff.

26. Therapy Zone has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

27. Therapy Zone's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

28. Therapy Zone can be served through its registered agent Billy Johnston at 144 Manitou Drive, Maumelle, Arkansas 72113

29. Defendant Georgia Johnston is Vice President and Incorporator of Therapy Zone.

30. Upon information and belief, Mrs. Johnston controls or has the right to control the day-to-day operations of Defendant Therapy Zone such that she is liable to Plaintiff as employer under the FLSA.

31. Mrs. Johnston established and/or maintained the policies at issue in this case.

32. Mrs. Johnston was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Physical or Occupational Therapy Assistants who were or are employed by Defendants and who are entitled to payment for all of their overtime wages that Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

34. Plaintiff is unable to state the exact number of the class but believes that the class's membership is between 25-50 persons. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

35. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided

to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

36. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

37. The cellular telephone numbers of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

38. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. Defendants' uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendants' failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

### V. FACTUAL ALLEGATIONS

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

40. Within the time period relevant to this case, Plaintiff worked for Defendants as a Physical Therapy Assistant.

41. Defendants directly hired Plaintiff and other similarly-situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding their employment.

42. Plaintiff and other similarly-situated employees performed duties such as providing physical therapy assistance, occupational therapy assistance, contacting Defendants' clients, scheduling appointments, filling out relevant paperwork, etc.

43. Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendants.

44. Plaintiff and other similarly-situated employees were classified as hourly employees and paid a flat rate with no overtime premium.

45. Defendants did ever not pay Plaintiff or similarly-situated employees one and one-half times their regular rate for hours in excess of forty (40) in a week.

46. In other words, Defendants paid Plaintiff and other similarly situated employees no more than their regular hourly rate, even when Plaintiff and other similarly-situated employees worked more than forty (40) hours per week.

47. Plaintiff worked for Defendants at their centers in Conway, Little Rock, Fairfield Bay and Helena and Defendants' pay practices were the same for all Physical and Occupational Therapy Assistants in these centers.

48. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Physical and Occupational Therapy Assistants violated the FLSA.

## VI. LEGAL ALLEGATIONS

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

A. Individual Allegations under the FLSA

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

51. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by failing to pay Plaintiff and other similarly-situated employees the proper overtime premium.

52. Defendants' conduct and practice, as described above, have been and is willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

B. FLSA § 216(b) Representative Action Allegations

54. Plaintiff brings this collective action on behalf of all Physical and Occupational Therapy Assistants employed by Defendant to recover monetary damages owed by Defendants to Plaintiff and members of the Putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

55. Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

56. In the past three years, Defendants have employed dozens of Physical and Occupational Therapy Assistants.

57. Like Plaintiff, these Physical and Occupational Therapy Assistants regularly worked more than 40 hours in a week.

58. Defendants failed to pay these employees at the proper overtime rate. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

> **All Physical and Occupational Therapy Assistants, or Similar Positions, Employed By Defendants Within The Past Three Years Who Ever Worked in Excess of Forty (40) Hours in any Week.**

59. This group includes, but is not necessarily limited to, hourly paid workers employed in States where Defendants do business.

### C. Individual Allegations Under the AMWA

60. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

61. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

62. Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

63. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

65. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. EQUITABLE TOLLING

66. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

67. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

68. Defendants, as employers with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Danny Bingaman, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

(a) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(b) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(c) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, the AMWA, and their relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DANNY BINGAMAN, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: /s/ Daniel Ford
Daniel Ford
Ark Bar No. 2014162
daniel@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com